# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:95cr119

| | |
|---|---|
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's "Hazel-Atlas Motion" and Motion for Issuance of Subpoena Duces Tecum. In this motion, petitioner contends that the court should afford him extraordinary relief under Rule 60(b), Federal Rules of Civil Procedure, by setting aside the criminal judgment entered against him based on his contention that a fraud was committed on the court by the government in the presentation of its case against him at trial in 1996, all as provided in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). In Hazel-Atlas, the Supreme Court held that federal courts possess the inherent power to vacate a judgment obtained by fraud on the court.

While petitioner is correct that the district court possesses such general power, id., 28, United States Code, Section 2244(b)(3) constrains the court to construe the "Hazel-Atlas" motion as a successive § 2255 motion. As review of the docket makes clear, petitioner filed an earlier Section 2255 petition (#146) on May 14, 1998, which was dismissed by Order (#157) of the trial court. Petitioner's previous § 2255 filing

-1-

makes the instant filing a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* ( hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Thus, this court lacks jurisdiction over petitioner's "Hazel-Atlas Motion" and may not consider the merits of petitioner's claims because he failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing it in this court. Having considered petitioner's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion Hazel-Atlas Motion (#196) and Motion for Issuance of Subpoena Duces Tecum (#197) are **DENIED** without prejudice for lack of jurisdiction.

Signed: July 14, 2011

Max O. Cogburn Jr.
United States District Judge