# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:95cr119
# [3:96cv217]

| | |
|---|---|
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's Motion for Reconsideration Pursuant to *Hazel-Atlas Glass Co. V. Hartford-Empire Co.* (#199) and Motion to Supplement Motion for Reconsideration Pursuant to *Hazel-Atlas Glass Co. V. Hartford Empire Co.* (#200).

The court has closely reviewed the motion for reconsideration and the motion to supplement, which appear to be based on an unpublished decision of a colleague in this court in Coleman v. United States, 2009 WL 57149 (W.D.N.C. Jan. 7, 2009),[1] where the court dismissed the Hazel-Atlas motion based on insufficiency of the allegations of the petition rather than denying the petition for lack of jurisdiction. Petitioner has also cited the court to other decisions.

While this court places great stock in the decisions of its colleagues and appreciates petitioner's citation to the Coleman decision, the undersigned is not bound

---

[1] Petitioner has also cited other decisions originating in this district as well as other districts in the Fourth Circuit.

-1-

by those decisions as the decision of one district judge is not binding on another district judge serving in the same court. Instead, this court's decision to treat petitioner's Hazel-Atlas motion as a successive petition rather than address the substance of the claim is informed by other decisions and concerns, including jurisdictional issues.

As all courts must do, this court must first consider whether it has jurisdiction to consider the matter presented. Simply styling a document as a Hazel-Atlas motion does not afford this court jurisdiction to consider the merits of the motion under the court's inherent powers. Instead, the court must consider whether the substance of request is within the court's jurisdiction. Where that request attacks a criminal judgment and is made after a Section 2255 motion has been fully litigated, the requirements of the *Antiterrorism and Effective Death Penalty Act* ( hereinafter the "AEDPA") must be considered. In an instructive opinion, the Court of Appeals for the Seventh Circuit held:

> [Petitioner's] "Bill of Review Atlas Motion" is his latest attempt to challenge his conspiracy conviction on the basis of the "fraudulent" warrant application. He invokes the *Hazel-Atlas* case, in which the Supreme Court held that federal courts possess the inherent power to vacate a judgment obtained by fraud on the court. The government responds that, while the district court possesses such power in general, § 2244(b)(3) nonetheless constrains the court to construe the "Bill of Review" as another successive § 2255 motion because it raises the same claims of fraud as he did in his prior, untimely § 2255 motion.
> [I]t is the substance of the petitioner's motion that controls how his request for relief shall be treated." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir.2007). <u>The substance of [Petitioner's] post-judgment motion is a request for relief from the underlying criminal judgment. Such a request, regardless of its caption, requires advance authorization from the court of appeals where, as here, its substance attacks the constitutional validity of the criminal judgment on the merits.</u> *Gonzalez*

> *v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also § 2255(h); § 2244(b)(3); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996). Because he did not obtain the necessary authorization, the district court lacked jurisdiction to consider his motion. See Jackson v. United States, 463 F.3d 635, 639-40 (7th Cir.2006); *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir.2005). And because the conditions of § 2244(b)(3) have not been met, we also deny any implied request for permission now.

United States v. McIntosh, 373 Fed.Appx. 597, 599, 2010 WL 887380, 1 (7th Cir. 2010).[2] Thus, the court must distinguish proper Rule 60(b) motions from successive petitions in the guise of Rule 60(b) motions.

In the Fourth Circuit, the published decisions of which control this court's review, the Court of Appeals for the Fourth Circuit has held that

> district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'

United States v. Winestock, 340 F.3d 200, 206 (4th Cir.2003). The appellate court went on to provide "a relatively straightforward guide" for determining when a Rule 60(b) motion is actually an attempted successive collateral review application:

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

Id., at 207.

Close review of the substance of petitioner's underlying motion reveals that he is attacking his conviction. While the petition consists of 34 typed pages, petitioner's

---

[2] While decisions of other circuits are not binding on courts in the Fourth Circuit, such decision is persuasive.

−3−

pivotal contention is that his conviction was unlawfully obtained because a police officer testified at trial that it was petitioner who drove his van through a road check and that he drew such conclusion after reviewing a book of mug shots of those engaged in criminal activity in the area; however, a picture of defendant was allegedly not found in the mug shot book relied on at trial. Petitioner contends that such testimony was a fraud upon the court because, despite such inability to produce the picture,

> they [the federal prosecutor and witnesses] still adduced and solicited voluminous damaging and prejudicial testimony as though Hopper's picture was picked from the incriminating photo book as the driver of the van. By doing so, the AUSA intentionally fabricated evidence , and knowingly, willfully and intentionally suborned perjured testimony from two key witnesses ....

Motion (#196), at p. 14. Inasmuch as petitioner is clearly attacking his conviction, he has filed a successive application.

In making such determination, the court has closely reviewed petitioner's first Section 2255 Petition (#146) and (#13) in 3:96cv217 as well as the court's disposition of that motion. See Order (#157) in 3:95cr119 & (#28) in 3:96cv217. Petitioner has essentially re-framed his *habeas* claims, this time contending that those same evidentiary concerns - - which appears to have been a constant concern for petitioner - - amount to a fraud upon the court and labeling such motion as one made under Hazel-Atlas rather than Section 2255. Indeed, Honorable Thomas A. Wiseman, Jr, Senior United States District Judge, Sitting by Designation in the Western District of North Carolina, addressed more than a decade ago petitioner's identical claims, which were at that time labeled as a Motion to Vacate or Set Aside this Conviction under 28

U.S.C. § 2255:

> In this Motion to Vacate or Set Aside this Conviction under 2B U.S.C. § 2255, the movant's prolific pro se pleadings have been considered along with the entire file, as well as this Court's recollection of the trial and the person and actions of the movant. The grounds of the Motion are wholly without merit and the same are DENIED, and this case will be DISMISSED. The grounds will be discussed seriatim.
>
> * * *
>
> GROUND 2: Movant continues to argue some conspiratorial action on the part of the Government in regard to a photographic identification. This has been taken up on Motion to Suppress and again at trial and cannot now be relitigated.

Order of January 7, 1999 (#28) in 3:96cv217. Thus, it is clear to this court that petitioner's present motion attacks his conviction based on contentions previously litigated at trial and later under Section 2255. Petitioner's legal conclusions and labels are not, however, determinative and do not dispense with the court's gate keeping requirements under the AEDPA.

While petitioner specifically denies that he is asserting a Rule 60(b) motion, the court, have carefully reconsidered the motion, petitioner's supplemental materials, and the underlying record, reaffirms that petitioner's claims do not amount to a proper Rule 60(b) motion under the guidance provided by <u>United States v. Winestock,</u> <u>supra</u>. Even if such were a proper motion under Rule 60(b)(3) or (d), the court finds that hat petitioner has not sufficiently demonstrated the extraordinary and severe conduct required to plausibly allege that a fraud was perpetrated on the trial court, or that he has suffered prejudice that would warrant the extraordinary remedy of setting aside his judgment under Rule 60(b) or <u>Hazel-Atlas Glass v. Hartford Empire Co.</u>, 322 U.S. 238 (1944).

As petitioner's previous Section 2255 filing makes the instant filing at least a second or successive petition under the AEDPA, petitioner is again advised that the AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court specifically incorporates by reference the extensive history of petitioner's post-conviction litigation discussed by Honorable Martin Reidinger, United States District Judge, in Hopper v. United States, 3:96cv217 (W.D.N.C. May 7, 2008) (Order (#55)), *appeal dismissed*, United States v. Hopper, No. 08-6895 (4th Cir. Sept. 10, 2008) (unpublished, *per curiam* decision).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Reconsideration Pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co. (#199) and Motion to Supplement Motion for Reconsideration Pursuant to Hazel-Atlas Glass Co. v. Hartford Empire Co. (#200) are **GRANTED**, and having reconsidered the earlier Order, the court incorporated herein the previous Order and **REAFFIRMS** such Order for the reasons discussed herein.

Inasmuch as it appears that these motions as well as the motion reviewed relate to 3:96cv217 as well as 3:95cr119, the Clerk of this Court is instructed to file this Order as well as the previous Order in petitioner's civil case file as well as this criminal action.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

> **Petitioner is advised that the AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).**

Signed: July 29, 2011

Max O. Cogburn Jr.
United States District Judge