UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00542-MOC

| | |
|---|---|
| **GERALD DAMONE HOPPER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on petitioner's "Motion Pursuant to 28 U.S.C. § 2255(f)(3)." In this motion, petitioner seeks to correct a claimed sentencing error under the recent Supreme Court decision in Johnson v. United States, 135 S.Ct. 255 (2015), contending that the Fourth Circuit has found Johnson to be a new rule of constitutional law applicable to cases on collateral review, citing "Scott v. United States, No. 15-291." Motion (#1) at 1. He then goes on to compare his case with that of the appellant in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), arguing that one of his predicates under the ACCA was the same predicate as in Newbold.

Before the court can get to any substantive arguments, there are a few threshold issues that must be addressed. While petitioner implicitly argues that his petition is timely under the §2255(f)(3) exception to the one year period of limitations, he has overlooked the fact that this is a second or successive petition for which he has not secured leave to file from the Court of Appeals for the Fourth Circuit. As review of the docket makes clear, petitioner filed an earlier Section 2255 petition (#146) in the underlying criminal action, United States v. Hopper, 3:95cr119, on May 14, 1998, which was dismissed in 1999. Order (#157). Petitioner's previous § 2255 filing makes the instant filing a second or successive petition under the Antiterrorism and Effective

1

Death Penalty Act (hereinafter the "AEDPA"). See 28 U.S.C. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals..." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Accordingly, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir.2003); see 28 U.S.C. § 2244(b)(3). Without such authorization, a district court lacks jurisdiction to review a successive petition. Winestock, 340 F.3d at 205.

Finally, the court has carefully considered the instant pleading to determine whether such pleading could be something other than a successive petition. See United States v. McRae, 793 F.3d 392 (4th Cir. 2015) (discussing, *inter alia*, the appropriate consideration of mixed petitions). The Court of Appeals for the Fourth Circuit instructs that "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir.2006). Thus, it would be "improper for a lower court to formulaically conclude that every motion filed after an initial section 2255 motion is filed is a 'second or successive' motion." Scott v. United States, 761 F.Supp.2d 320, 325 (E.D.N.C. 2011). A motion "directly attacking the prisoner's ... sentence" should be construed as a successive § 2255 petition, "while a motion seeking a remedy for some defect in the collateral review process" should be treated as a true Rule 60(b) motion. Winestock, 340 F.3d at 207. Having closely reviewed the motion, the court has determined that petitioner's motion attacks only the validity of the sentence based on recent developments in the law, not a defect in the collateral

review process as it was conducted in 1999. As in this case, "new legal arguments" which attack an old sentence "usually signify that the prisoner is not seeking relief under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Winestock, 340 F.3d at 207. The court finds the present motion to be a successive petition and not a Rule 60(b) motion or, for that matter, an action under the All Writs Act, which is a residual source of authority to issue writs that are not otherwise covered by a particular statute, such as § 2255. Carlisle v. United States, 517 U.S. 416, 429 (1996).

## ORDER

**IT IS, THEREFORE, ORDERED** that petitioner's Motion Pursuant to 28 U.S.C. § 2255(f)(3) (#1) is dismissed as a successive petition.

### Denial of Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 17, 2015



Max O. Cogburn Jr
United States District Judge