UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-614-MOC
(3:95-cr-119-MOC-1)

| | |
|---|---|
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 16).

### I. BACKGROUND

Petitioner was found guilty by a jury of: Count (1), conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951); Count (2), Hobbs Act robbery and aiding and abetting the same (18 U.S.C. §§ 1951 & 2); Counts (3) and (4), possession of a firearm during and in relation to a crime of violence (Count (1)) and aiding and abetting the same (18 U.S.C. §§ 924(c) & 2); and Count (5), possession of a firearm by a convicted felon (18 U.S.C. §§ 922(d), 924). See (Doc. No. 24-1). He was sentenced to 240 months' imprisonment for Counts (1) and (2), 262 months for Count (5), concurrent, and 60 months for Counts (3) and (4), consecutive, followed by three years of supervised release for Counts (1)-(4) and five years for Count (5), concurrent. (3:95-cr-119, Doc. No. 126). The Fourth Circuit Court of Appeals affirmed Petitioner's convictions, United States v. Hopper, 133 F.3d 918 (4th Cir. 1997), and the United States Supreme Court denied certiorari, Hopper v. United States, 525 U.S. 909 (1998).

1

Petitioner filed several unsuccessful § 2255 Motions to Vacate. See (Id., Doc. No. 146); 3:15-cv-542. He then received authorization from the Fourth Circuit to file a § 2255 Motion to Vacate in the instant case raising a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). See (Doc. No. 1-1). Counsel subsequently filed an Amended Motion to Vacate on Petitioner's behalf. (Doc. No. 16).

This matter was stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, No. 15-4433. (Doc. No. 15). The stay was lifted pursuant to the United States Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019), (Doc. No. 20), and the parties have submitted supplemental briefing.

Petitioner was released from the custody of the federal Bureau of Prisons on May 7, 2019 and he is currently serving supervised release.[1] Two months after Petitioner's release, Petitioner consented to the modification of the conditions of his release to include a period of home detention after he was arrested for driving while intoxicated. (3:95-cr-119, Doc. No. 236).

In his Supplemental Memorandum in support of § 2255 relief, (Doc. No. 21), Petitioner argues that his § 924(c) convictions must be vacated because § 924(c)'s residual clause is unconstitutionally vague and conspiracy to commit Hobbs Act robbery does not satisfy § 924(c)'s force clause. The proper remedy, if the Government requests it, is to vacate Petitioner's § 924(c) convictions and sentences on all remaining counts and resentence him pursuant to the sentencing package doctrine.

The Government concedes in its Response, (Doc. No. 22), that the § 924(c) convictions are invalid and should be vacated. Because Petitioner has already completed his prison sentence, the

---

[1] See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results; Fed. R. Ev. 201.

Government asks the Court to vacate only the convictions and sentences for the § 924(c) counts without ordering a resentencing on Petitioner's remaining convictions. The Government notes that this vacatur will not affect Petitioner's overall term of supervised release.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Government correctly concedes that § 924(c)(3)(B)'s residual clause is unconstitutionally vague, United States v. Davis, 139 S.Ct. 2319 (2019), and that Hobbs Act conspiracy is not a crime of violence under § 924(c)'s force clause, United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*).

A district court is authorized to take one of four distinct courses in remedying a successful § 2255 petitioner's unlawful sentence: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "resentence [the prisoner]," or (4) "correct the [prisoner's] sentence….." 28 U.S.C. § 2255(b) "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." United States v. Hadden, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation marks omitted). Under the sentencing package doctrine, if some of the counts are vacated, "the judge should be free to review the efficacy of what remains in light of the original plan." Cunningham v. Scibana, 259 F.3d 303, 309 (4th Cir. 2001) (quotations omitted). It is within the district court's broad and flexible power to determine the nature and scope of the remedial proceedings. Hadden, 475 F.3d at 669.

The Court finds it unnecessary to conduct a resentencing in this case. The Government does not request resentencing and the Court finds that doing so would unnecessarily burden judicial resources. Petitioner has completed his term of imprisonment in full and the overall term of supervised release will be unaffected by the vacatur of Counts (3) and (4). Therefore, the Court will vacate the convictions and sentences in Counts (3) and (4) but the rest of the Judgment, including Petitioner's supervised release on the remaining counts, will remain unchanged.

### IV. CONCLUSION

Petitioner's Amended § 2255 Motion to Vacate is granted and the convictions and

4

sentences for Counts (3) and (4) are vacated.

        **IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255, (Doc. No. 16), is **GRANTED**.

2. Petitioner's convictions and sentences for Counts (3) and (4) are **VACATED**.

3. The Clerk is instructed to close this case.

Signed: June 2, 2020

Max O. Cogburn Jr
United States District Judge