UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:95-CR-00119

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion to Re-Open Preliminary and Detention Hearings on the Grounds of Newly Discovered Evidence" (the "Motion"). (Doc. No. 281).

## I. BACKGROUND

Defendant was convicted in an underlying criminal action of Conspiracy to Obstruct, Delay and Affect Commerce by Robbery; Obstruction or Delaying Interstate Commerce by Robbery, and Aiding and Abetting Same; and Possession of a Firearm by Convicted Felon.[1] (Doc. Nos. 126 & 239). Defendant's sentence included a term of supervised release. (Id.) Defendant's supervised release was first revoked in 2022, and included an additional period of supervised release. (Doc. Nos. 240 & 264). Defendant now faces his second petition to revoke supervised release. (Doc. No. 265). Defendant's second petition to revoke supervised release is based on two alleged violations: (1) a new law violation; and (2) leaving the judicial district without permission. (Id.).

---

[1] In 2020, Defendant's convictions of Count 3 and Count 4 for Possession of Firearm During and in Relation to a Crime of Violence, and Aiding and Abetting Same were vacated. (Doc. No. 238).

On April 26, 2023, the Court held a preliminary hearing. At the preliminary hearing, Defendant, at his request and after colloquy and hearing, represented himself with appointed standby counsel.[2] The Government called Probation Officer Taia Johnson, who testified about the alleged supervised release violations. Defendant had the opportunity to cross-examine Probation Officer Johnson. At the conclusion of the hearing, the Court found probable cause to support the violations alleged in the second petition. That same day, the Court held a detention hearing and orally ordered Defendant detained, which was followed by a written detention order. (Doc. No. 270). Defendant did not file an objection to the written detention order.

## II. DISCUSSION

Defendant has now filed a *pro se* Motion requesting that the Court reopen his preliminary hearing and detention hearing because of newly discovered information not available to him at the time of the preliminary hearing and detention hearing, including information obtained through discovery. (Doc. No. 281). With respect to Defendant's request to reopen the preliminary hearing, Defendant contends he was unable to review dashcam video and other discovery, and has now learned facts that he could use to impeach the Probation Officer's testimony or at least present mitigating factors. (Id.). Having considered Defendant's arguments, the Court finds the issues raised by Defendant do not warrant reopening a preliminary hearing. Rather, Defendant's efforts to now challenge the alleged violations should be directed toward a final revocation hearing, at which Defendant may raise these arguments, if appropriate. See United States v. Koerber, No. 2:17-cr-00037-FB-PMW, 2019 WL 3937024, at *1-2 (D. Utah Aug. 20, 2019) ("[T]he court declines to reconsider its probable cause determination . . . the court sees no reason to revisit its

---

[2] Since the preliminary hearing and filing the relevant Motion, Defendant requested that the Court appoint counsel, and the Court granted this motion. (Doc. No. 280).

probable cause determination. As the court indicated during the May 31, 2019 hearing, its probable cause determination was based on the documentary evidence submitted. Any of the 'new' evidence Koerber has submitted in his motion does not alter that determination."); United States v. Bingham, 50 Fed. App'x 626, 627 (4th Cir. 2002) (finding Defendant's argument was without merit that the Government failed to provide him with copies of the evidence against him prior to his probable cause hearing and citing the Federal Rules of Criminal Procedure). Accordingly, the Court denies Defendant's request to reopen his preliminary hearing.

The Court similarly denies Defendant's request to reopen his detention hearing. As the Court previously set forth in its written detention order, Federal Rule of Criminal Procedure 32.1(a)(6) applies and provides:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.

Fed. R. Crim. P. 32.1(a)(6). Under 18 U.S.C. § 3143(a)(1), "the judicial officer *shall order* that a person . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1) (emphasis added). Applying this standard, the Court ordered that Defendant be detained. (Doc. No. 270). Defendant did not timely object to the Court's detention order thereby waiving his objections. Fed. R. Crim. P. 59(a) ("A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review."); United States v. Van Bumpus, No. 2:23-cr-00031-14, 2023 WL 5279651, at *1 n.1 (S.D. W. Va.

Aug. 15, 2023) (noting that untimely objections to a detention order are waived, citing Fed. R. Crim. P. 59(a)).

Additionally, after careful review and consideration, the Court finds Defendant's Motion does not set forth a sufficient change in circumstances to warrant bond reconsideration. See e.g., United States v. Martin, No. 3:07-CR-242, 2008 WL 483458, at *1 (W.D.N.C. Feb. 19, 2008) (affirming magistrate judge's bond denial and concluding under 18 U.S.C. § 3143(a)(1) the defendant "has not shown any significant change in circumstances warranting her release pending sentencing."). Moreover, Defendant's arguments contained in his Motion do not alter the Court's prior findings in its written detention order. Even assuming that Defendant's motion set forth new information, the detention ruling would be no different because of the Court's concerns related to Defendant's lengthy criminal history and the underlying circumstances that gave rise to the second petition. See Van Bumpus, 2023 WL 5279651, at *2 (finding "[Defendant's] representations relating to employment, housing, and parental supervision have little bearing on whether there are conditions of release that will reasonably assure his appearance as required and the safety of any other person and the community." (internal quotations, citations, and alterations omitted)).

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *pro se* "Motion to Re-Open Preliminary and Detention Hearings on the Grounds of Newly Discovered Evidence" (Doc. No. 281) is **DENIED**.

**SO ORDERED**.

Signed: September 13, 2023

Susan C. Rodriguez
United States Magistrate Judge