UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:95-cr-119-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **GERALD DAMONE HOPPER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion under Rule 60 of the Federal Rules of Civil Procedure. (Doc. No. 293). The Government opposes Defendant's motion. (Doc. No. 299). For the reasons articulated in the Government's response, as well as those given for this Court's denial of Defendant's pro se motions for recusal and to quash arrest warrant, Defendant's Rule 60 motion will be **DENIED**. (Doc. No. 276); See (Doc. Nos. 271, 273).

First, Defendant's motion is procedurally improper. The Federal Rules of Civil Procedure apply only to civil actions. FED. R. CIV. P. 1. This is a criminal matter governed by the Federal Rules of Criminal Procedure. Federal Rule of Civil Procedure 60 does not entitle Defendant to any relief in this criminal action. For this reason alone, Defendant's motion must be denied.

Second, this Court already addressed the substance of Defendant's motion in its earlier denial of Defendant's motions for recusal and to quash. In the motion before the Court, Defendant attempts to use Rule 60 to re-litigate the issues raised in these prior motions. Defendant again argues that Judge Keesler cannot preside over this supervised release revocation because Judge Keesler prosecuted Defendant for the underlying crime. (Doc. No. 293). The Court reiterates its finding that "[m]erely reviewing allegations of violations of Defendant's conditions of supervised release and determining if there was probable cause does not

1

demonstrate [Judge Keesler's purported] partiality in Defendant's matter." (Doc. No. 276). Further, "any problem created by Judge Keesler's signing of the Petition has been cured" by Judge Rodriguez's independent finding of probable cause. (Id.).

The authorities Defendant adduces in support of his renewed argument for recusal are inapposite. Williams v. Pennsylvania, 579 U.S. 1 (2016) does not control this case because Judge Keesler did not have "significant, personal involvement" in Defendant's supervision while acting as a prosecutor. Id. at 11. Buck v. Davis, 580 U.S. 100 (2017) and Davis v. Jenkins, 79 F.4th 623 (6th Cir. 2023) are ineffective assistance of counsel cases. Defendant has not raised an ineffective assistance issue, nor could he at this juncture, because this matter has not concluded. Finally, Defendant presents no evidence that Judge Keesler violated ABA Model Code of Judicial Conduct Rule 2.11.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion brought under Federal Rule of Civil Procedure 60 (Doc. No. 293) is **DENIED**.

Max O. Cogburn Jr
United States District Judge