UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-377-MOC
(3:95-cr-119-MOC-SCR-1)

| | |
|---|---|
| GERALD DAMONE HOPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | ORDER |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 5], and on the United States' Motion to Dismiss [Doc. 9].

I. BACKGROUND

The pro se Petitioner was found guilty in the underlying criminal case of Hobbs Act conspiracy (Count One), Hobbs Act robbery and aiding and abetting the same (Count Two), possession of a firearm during and in relation to a crime of violence and aiding and abetting the same (Counts Three and Four), and possession of a firearm by a convicted felon (Count Five). [See 3:95-cr-119 ("CR") Doc. 126]. He was sentenced as an armed career criminal to 240 months' imprisonment for Counts One and Two, 262 months' imprisonment for Count Five, concurrent, and 60 months' imprisonment for Counts Three and Four, consecutive, followed by a total of five years of supervised release (three years for Counts One through Four and five years for Count five). [Id.]. The Fourth Circuit Court of Appeals affirmed on direct appeal and the United States Supreme Court denied certiorari. United States v. Hopper, 133 F.3d 918 (4th Cir. 1997); Hopper v.

United States, 525 U.S. 909 (1998). Petitioner was released on May 7, 2019[1] then, on July 12, 2019, he was placed on three months of home detention after having violated the terms of his supervised release. [CR Doc. 236].

After several unsuccessful post-conviction motions, Petitioner was granted leave to file a second or successive Motion to Vacate by the Fourth Circuit on his claim of that his § 924(c) convictions are invalid pursuant to United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), Case No. 3:16-cv-614. [See CR Doc. 226]. The Government conceded error and the Court vacated the convictions and sentences for Counts Three and Four. Hopper v. United States, 2020 WL 2926474 (W.D.N.C. June 3, 2020). The Court entered an Amended Judgment on June 8, 2020, reimposing the 240-month sentences for Counts One and Two, the 262-month sentence for Count Five, and the total of five years of supervised release (three years for Counts One and Two and five years for Count Five). [CR Doc. 239]. Petitioner did not appeal the Amended Judgment.

On April 8 2022, the U.S. Probation Office filed a Petition for Warrant for Offender Under Supervision, alleging that Petitioner violated the conditions of his supervised release. [CR Doc. 240]. The Court entered a Judgment on October 26, 2022 revoking Petitioner's supervised release, sentencing him to time served, and imposed a one-year term of supervised release. [CR Doc. 264].

On April 3, 2023, the U.S. Probation Office filed another Petition for Warrant for Offender Under Supervision, alleging that Petitioner violated the conditions of his supervised release by committing new law violations and leaving the judicial district without permission. [CR Doc. 265].

---

[1] See https://www.bop.gov/inmateloc/ (last accessed June 27, 2023); Fed. R. Ev. 201.

2

Petitioner filed the Motion to Vacate and Addendum on June 23, 2023.[2] [Docs. 1, 2]. On June 28, 2023, the Court entered an Order identifying numerous deficiencies in the Motion to Vacate and supporting Memorandum, and granted Petitioner the opportunity to file a superseding Amended Motion to Vacate. [Doc. 3]. Petitioner filed the instant Amended Motion to Vacate on July 17, 2023. [Doc. 5; see also Doc. 4 (Memorandum of Law)]. He raises the following claims:

1. The Armed Career Criminal Act ("ACCA") is inapplicable to Petitioner's case.

2. Petitioner is in custody as a result of the ACCA enhancement.

3. Whereby Petitioner is Actual Innocent of the ACCA Enhancement he should overcome any procedural default.

4. Whether Petitioner should have Received Equable consideration for over-serving his sentence by 4 ½ years.

[Doc. 5 at 4-5, 7-8] (errors uncorrected). He argues that the petition is timely as follows:

> Petitioner contends that the October 25, 2022, revocation order is and final judgment of conviction. Therefore, allowing Petitioner to challenge the Order pursuant to § 2255 or § 2241. As a pro se litigant, petitioner beseech this Honorable Court to construe this Motion in light of the facts. Furthermore, Petitioner motion the Court to allow Petitioner's to declare his Addendum, 'Nunc Pro Tunc' as signed under penalty of perjury.

[Id. at 11] (errors uncorrected). Petitioner asks the Court to grant him relief under § 2255, § 2241, or "any writ that would grant Petitioner Relief from the erroneous applied ACCA," and to resentence him without the ACCA enhancement. [Id. at 12 (errors uncorrected); see also Doc. 11 at 4].

The Court ordered the United States to respond [Doc. 6], and the United States moved to dismiss the Amended Motion to Vacate [Doc. 9]. The Court informed Petitioner of his right to oppose the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

---

[2] Petitioner does not indicate the date upon which he deposited these documents in his prison's mail system. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

3

[Doc. 10]. Petitioner filed a Response in which he reiterates his ACCA challenges to the underlying sentence, and argues that the Court erred in 2020 by failing to resentence Petitioner when it granted him § 2255 relief. [Doc. 11]. The United States has not replied and the time to do so has expired. The matter is, therefore, ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The root of the instant § 2255 claims is that the original 1996 Judgment, and thus the 2020 Amended Judgment upon which it was based, are invalid because Petitioner does not qualify for ACCA sentencing. The Court concludes that the Petitioner may not raise the sentencing challenge at this time because "district courts lack jurisdiction in revocation proceedings to consider the validity of an underlying sentence…." United States v. Sanchez, 891 F.3d 535, 537 (4th Cir. 2018).

4

A criminal defendant wishing to challenge the validity of his conviction or sentence has the right to appeal to the court of appeals, seek certiorari review in the Supreme Court, and present a collateral challenge pursuant to § 2255. Petitioner appealed his original Judgment and sought § 2255 relief. One of his collateral proceedings resulted in the entry of an Amended Judgment, which he did not challenge and the time to do so has expired. The Petitioner has no present procedural means to properly challenge the Judgment or the Amended Judgment. Instead, he attempts to bootstrap yet another ACCA challenge onto the pending revocation proceeding. This would allow Petitioner to circumvent the well-established rules for presenting a sentencing challenge, and such has been rejected by the Fourth Circuit and by the United States Supreme Court. See Sanchez, 891 F.3d 535 (4th Cir. 2018) (holding that a supervised release revocation proceeding is not the proper forum for testing the validity of an underlying sentence or conviction); see also Jones v. Hendrix, 599 U.S. 465 (2023) (holding that a petitioner cannot use § 2241 to mount a successive collateral challenges to federal convictions or sentences). The Petitioner will not be allowed to avoid applicable procedural rules to take yet another bite at the apple and, accordingly, and the United States' Motion to Dismiss will be granted.[3] See Sanchez, 891 F.3d at 537.

IV.     **CONCLUSION**

For the foregoing reasons, the United States' Motion to Dismiss is granted and the Amended § 2255 Motion to Vacate is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The United States' Motion to Dismiss [Doc. 9] is **GRANTED**.

2. Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 5] is **DISMISSED**.

---

[3] The Amended Motion to Vacate is also procedurally defaulted from § 2255 review for the reasons discussed in the United States' Motion to Dismiss. [See Doc. 9 at 6, n.4].

5

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: February 12, 2024

Max O. Cogburn Jr
United States District Judge

6

Case 3:95-cr-00119-MOC-SCR   Document 305   Filed 02/13/24   Page 6 of 6